PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS BOJORQUEZ RAMIREZ | ) | |
| | ) | CASE NO. 1:18CR51-3 |
| | ) | (1:21CV479) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 76, 79] |

Pending before the Court are *pro se* Petitioner Jesus Bojorquez Ramirez's Motion to Vacate under 28 U.S.C. § 2255[1] (ECF No. 76) and Motion for Extension of Time to Reply to Government's Response in Opposition (ECF No. 79). The Motion to Vacate has been fully briefed and there were no objections to the Motion for Extension of Time. The Court acknowledges its receipt of Petitioner's letter dated August 15, 2023, which requests a status update from the Court and summarizes Petitioner's main arguments in his Motion. Having reviewed the parties' submissions and applicable law, the Court denies Petitioner's Motion to Vacate (ECF No. 76)[2] and denies Petitioner's Motion for Extension of Time (ECF No. 79) as moot.[3]

---

[1] Unless otherwise indicated, the docket references will be to the criminal case, 1:18CR51-3, not the related civil case, 1:21CV479.

[2] Because the Court denies Petitioner's Motion to Vacate, the Court also denies Petitioner's request for an evidentiary hearing on this matter.

[3] Petitioner's Reply (ECF No. 80) was filed on June 29, 2021. The Court will consider Petitioner's Reply (ECF No. 80) in its evaluation of Petitioner's Motion to Vacate.

(1:18CR51-3)
(1:21CV479)

# I. Background

On January 31, 2018, Petitioner Jesus Bojorquez Ramirez was indicted on two counts. Count 1 charged Petitioner with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. ECF No. 10. Count 2 charged Petitioner with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 10. On July 24, 2018, Petitioner pled guilty to Counts 1 and 2 pursuant to a written plea agreement. On May 21, 2019, Petitioner was sentenced to concurrently serve 120 months of imprisonment as to each of Counts 1 and 2. Upon release, Defendant is to surrender to the Bureau of Immigration and Customs Enforcement, U.S. Department of Homeland Security, for deportation as provided by law. ECF No. 59. Petitioner then filed this pending Motion (ECF No. 76) to which the Government responded in opposition (ECF No. 78). Petitioner then filed a Reply to the Government's Response in Opposition. ECF No. 80.

# II. Standard of Review

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. To prevail on a motion to vacate under § 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett*

2

(1:18CR51-3)
(1:21CV479)

v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. See Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). Nonetheless, Petitioner must prove his allegations by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Discussion

Petitioner asserts two grounds in his Motion: 1) ineffective assistance of counsel and 2) failure of the district court to apply the safety-valve provision when imposing sentence. See ECF No. 76 at PageID #: 820–21. The Government argues that Petitioner's ineffective assistance of counsel claim is meritless because his counsel's representation of Petitioner met the "objective standard of reasonableness." ECF No. 78 at PageID #: 950, 953. With regard to Petitioner's arguments about the application of the safety-valve reduction to his sentence, the Government maintains that Petitioner "waived his right to collaterally attack his sentence as part of his plea agreement." ECF No. 78 at PageID #: 954. Alternatively, the Government contends that Petitioner's argument that the Court improperly calculated his sentence is not a cognizable claim in a § 2255 Motion.

#### A. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel 1) did not provide mitigating factors that contradicted the Government's case and 2) did not adequately investigate plausible defenses for sentencing. ECF No. 76-1 at PageID #: 854, 858. The Government rebuts Petitioner's assertions by stating that Petitioner's counsel provided effective assistance of counsel because she

3

(1:18CR51-3)
(1:21CV479)

"performed exactly as one would reasonably expect" and Petitioner has not met his burden of showing that his counsel's representation fell below the objective standard of reasonableness. ECF No. 78 at PageID #: 953.

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided Petitioner can establish that counsel's performance was constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). This is a two-part test that requires a demonstration of error and prejudice. The error prong requires a showing, based on an "objective standard of reasonableness," that counsel made errors so serious that she was not functioning as the 'counsel' that the Sixth Amendment guarantees to Petitioner. *Strickland*, 466 U.S. at 687–88. To satisfy the error prong, Petitioner must overcome the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.' " *Id*. at 689. The judicial scrutiny of a possible error is highly deferential to counsel. *Id*. The prejudice prong requires showing that counsel's deficient performance prejudiced the defense. *Id*. at 687. To satisfy the prejudice requirement of *Strickland*, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id*. at 694.

Failure to satisfy either requirement is fatal to an ineffective assistance claim. *Id*. at 697. Although Petitioner must prove each element of the two-part *Strickland* test to establish an ineffective assistance of counsel claim, courts are not required to conduct an analysis under both *Strickland* prongs. *Id*. at 697. If the Court finds that Petitioner cannot meet one of the two

4

(1:18CR51-3)
(1:21CV479)

*Strickland* prongs, it need not address the other. *Id*. Furthermore, the Court is not required to hold an evidentiary hearing where "the record conclusively shows that the petitioner is entitled to no relief." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

    Petitioner's counsel rebutted the Government's arguments during the sentencing hearing and offered defenses she thought would be conducive to her representation of Petitioner. During the sentencing hearing, Petitioner's counsel argued that Petitioner should be entitled to the safety-valve reduction, and explicitly objected to the decision against recommending the reduction. See ECF No. 68 at PageID#: 463–64,472. Petitioner's counsel described Petitioner's ties to his community and family by pointing to his relationship with his children, and the letters of support submitted for him. ECF No. 68 at PageID#: 469. Petitioner's counsel also requested that Petitioner receive credit for the time-served prior to sentencing and discussed the trust placed in Petitioner during his time in custody. ECF No. 68 at PageID#: 472. Petitioner's counsel offered these defenses in an attempt to ensure that Petitioner received the lowest possible sentence and designation in a facility in Arizona or Texas. ECF No. 68 at PageID#: 471.

    Petitioner's arguments supporting his claim of ineffective assistance of counsel do not satisfy the requirements of the two-pronged *Strickland* inquiry. Petitioner has failed to establish that any alleged error committed in relation to his sentencing could be characterized as anything other than harmless. Therefore, the Court denies Petitioner's claim of ineffective assistance of counsel.

(1:18CR51-3)
(1:21CV479)

### B. Safety-Valve Sentence Reduction

Petitioner argues that the Government should have moved for an offense level reduction pursuant to U.S.S.G. § 5C1.2 and imposed a sentence below the statutory minimum sentence. The Government, however, did not move for a safety-valve reduction, which led the Court to impose a 120-month sentence on Petitioner, while Petitioner's two co-defendants each received a 70-month term of incarceration.[4] The Government does not directly address Petitioner's claim regarding the application of the safety-valve reduction, but rather it argues that Petitioner has "waived his right to collaterally attack his sentence as part of his plea agreement" and that this claim does not rise to the level of exceptional circumstances to be one that is cognizable in a § 2255 Motion.

The United States Sentencing Guidelines includes a "safety-valve" provision, which allows courts to 1) "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" (U.S.S.G. § 5C1.2) and 2) apply a two-level reduction to a defendant's offense level if the defendant meets all five factors listed in U.S.S.G. § 5C1.2 (see U.S.S.G. § 2D1.1(18)). Defendant bears the burden of proving that he is entitled to the safety-valve reduction. See *United States v. Pena*, 598 F.3d 289, 292 (6th Cir. 2010). "Where the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such a disclosure, a district court's denial

---

[4] Petitioner states that the Government moved for a safety-valve reduction for his co-defendants, but not for him. ECF No. 76-1 at PageID #: 851.

6

(1:18CR51-3)
(1:21CV479)

of a motion under § 3553(f) and § 5C1.2[(a)](5) is not clearly erroneous." *United States v. Pena*, 598 F.3d 289, 292 (6th Cir. 2010) (citing *United States v. Adu*, 82 F.3d 119 (6th Cir. 1996)).

The Government indicates that Petitioner's claim regarding the safety-valve reduction should be denied because he waived his right to make this claim when he entered into his plea agreement. The Sixth Circuit has maintained that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Petitioner's plea agreement provides that Petitioner "understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the advisory guideline range under the Sentencing Guidelines . . ." ECF No. 31 at PageID#: 157. Petitioner's crimes require a statutory minimum of ten years, so the Court's sentence of ten years comports with the relevant sentencing guideline range. Therefore, Petitioner waived his right to bring this claim in his plea agreement.

Even if the Court found that Petitioner did not waive his right to bring this claim in his plea agreement, he does not satisfy the standard to succeed on a § 2255 claim. The Sixth Circuit has found that a petitioner bringing a § 2255 claim may allege a constitutional error or non-constitutional error. See *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Constitutional error is "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Id.* (citation omitted). Where a petitioner alleges a non-constitutional error, petitioner must establish "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process" to prevail on a § 2255 motion. *Id.* (citations omitted). Petitioner has not made such a claim.

7

(1:18CR51-3)
(1:21CV479)

Petitioner contends that the Court was under the mistaken impression that it was bound by the "Government's determination of whether a [d]efendant failed to provide truthful information." ECF No. 80 at PageID #: 970.  Furthermore, Petitioner presses that the Government's assertions that Defendant's "merely" speculative assertions about the truthfulness of Defendant's assertions during his proffers were insufficient grounds to deny Defendant the benefit of the safety-valve provision sentence reduction.  ECF No. 80 at PageID #: 970. Petitioner correctly indicates that the Court must not rely on mere speculation to determine whether to apply the safety-valve reduction, in Petitioner's case.  *United States v. Barron*, 940 F.3d 903, 915–16 (6th Cir. 2019).  Nonetheless, the Court made the decision to not apply the safety-valve reduction based on sufficient evidence presented by the Government, which Petitioner was unable to effectively rebut.  *See* ECF No. 68 at PageID#: 465, 475.

Accordingly, Petitioner is not entitled to relief under 28 U.S.C. § 2255.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 76) is denied and his Motion for Extension of Time (ECF No. 79) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| October 12, 2023 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |