PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS BOJORQUEZ RAMIREZ | ) | |
| | ) | CASE NO. 1:18CR51-3 |
| | ) | (1:21CV479) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 76] |

Pending before the Court is *pro se* Petitioner Jesus Bojorquez Ramirez's Motion to Vacate under 28 U.S.C. § 2255.[1] ECF No. 76. The Motion to Vacate has been fully briefed.[2] Having reviewed the parties' submissions and applicable law, the Court denies Petitioner's Motion to Vacate. ECF No. 76.

## I. Background

On January 31, 2018, Petitioner Jesus Bojorquez Ramirez was indicted on two counts. Count 1 charged Petitioner with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. ECF No. 10. Count 2 charged Petitioner with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 10. On July 24, 2018, Petitioner pled guilty to Counts 1 and 2 pursuant to a written plea agreement.

---

[1] Unless otherwise indicated, the docket references will be to the criminal case, 1:18CR51-3, not the related civil case, 1:21CV479.

[2] The Court acknowledges its receipt of Petitioner's letter dated August 15, 2023, which requests a status update from the Court and summarizes Petitioner's main arguments in his Motion.

(1:18CR51-3)
(1:21CV479)

ECF No. 31. The Plea Agreement included a waiver of Petitioner's right to collaterally attack his sentence, except to raise claims of ineffective assistance of counsel or prosecutorial misconduct, stating:

> **WAIVER OF APPEAL AND POST-CONVICTION ATTACK**
> 21. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 31 at PageID#: 159. On May 21, 2019, Petitioner was sentenced to concurrently serve 120 months of imprisonment as to each of Counts 1 and 2. Upon release, Defendant is to surrender to the Bureau of Immigration and Customs Enforcement, U.S. Department of Homeland Security, for deportation as provided by law.[3] ECF No. 59. Petitioner then filed this pending Motion (ECF No. 76) to which the Government responded in opposition (ECF No. 78). Petitioner then filed a Reply to the Government's Response in Opposition. ECF No. 80.

## II. Standard of Review

---

[3] Defendant's plea agreement acknowledged his removal from the United States as "presumptively mandatory." ECF No. 31 at PageID#: 155.

(1:18CR51-3)
(1:21CV479)

> 28 U.S.C. § 2255(a) provides:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a motion to vacate under § 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. See Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). Nonetheless, Petitioner must prove his allegations by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Discussion

Petitioner claims ineffective assistance of counsel and failure of the district court to apply the safety-valve provision when imposing sentence. See ECF No. 76 at PageID #: 820–21. The Government opposes both claims. As explained below, neither claim has merit. Each is belied by the record.

### A. Safety-Valve

3

(1:18CR51-3)
(1:21CV479)

The "safety-valve" provision allows courts to impose a sentence without regard to any statutory minimum sentence when certain factors exist.[4] The factors are codified in 18 U.S.C. § 3553(f).

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation that (1) defendant does not have more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; a prior 3-point offense, as determined under the sentencing guidelines; and a prior 2-point violent offense, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. Information disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense.

---

[4] Petitioner relies on U.S.S.G. § 5C1.2 which was out of sync with the statute at the time of Petitioner's sentencing. Throughout this writing, the undersigned relies on the law as codified at 18 U.S.C. § 3553(f).

(1:18CR51-3)
(1:21CV479)

18 U.S.C. § 3553(f).[5] A defendant bears the burden of proving that he is entitled to the safety-valve reduction. See *United States v. Sharp*, No. 22-3125, 2023 WL 246834 at *3 (6th Cir. Jan. 18, 2023) (stating that defendant has initial burden of truthfully disclosing information he possesses regarding his offenses) (citation omitted); *United States v. Pena*, 598 F.3d 289, 292 (6th Cir. 2010). To satisfy the fifth factor, the defendant must show by a preponderance of the evidence that he has truthfully provided the government with *all information and evidence* about the offense or offenses that were part of the same course of conduct or of a common scheme or plan, which requires more than acceptance of responsibility. See *United States v. Martin*, No. 21-2653, 2022 WL 13907823 at *3 (6th Cir. Oct 24, 2022) (stating "[n]or is it sufficient that [defendant] qualified for an acceptance-of-responsibility adjustment to his offense level."); *cf. United States v. Barron*, 940 F.3d 903, 917 (6th Cir. 2019) (citing *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996)) (finding that defendant made a true and complete proffer when he provided *all* relevant information with immaterial discrepancies that did not undermine his truthfulness). When a defendant claims to satisfy this burden, the government may challenge his entitlement to relief under safety valve if it relies on a fact-based rebuttal, and the court may make a finding determining whether defendant has fully cooperated. *Martin*, No. 21-2653, 2022 WL 13907823 at *3 (6th Cir. Oct. 24, 2022).

On at least four occasions, including during Petitioner's change of plea colloquy and the sentencing hearings continued to allow Petitioner to proffer before being sentenced,[6] the

---

[5] Additionally, the guidelines' offense level may be reduced by two levels.
[6] The Court rescheduled Petitioner's sentencing hearing three times to allow him time to meet his safety valve obligations. The Court continued Petitioner's sentencing

5

(1:18CR51-3)
(1:21CV479)

undersigned spoke to Petitioner and indicated that he would receive no less than a ten-year mandatory minimum sentence unless he qualified for safety valve.[7] Each time, Petitioner stated that he understood. He had a sworn Spanish-speaking interpreter assisting him during each proceeding. Each time, Petitioner's counsel indicated that she too had explained the requirement that Petitioner speak with the Government to receive the safety-valve benefit. ECF No. 72 at PageID#: 767.

During his plea colloquy, the Court emphasized that, at sentencing, the Government would inform the Court about whether the meeting with Petitioner occurred, and that if it had not, the Court would "be forced to apply [the] mandatory minimum sentence." ECF No. 72 at PageID#: 772. The record also reflects that Petitioner spoke to counsel for the Government in December 2018 before the first of his three sentencing hearings (ECF No. 67 at PageID#: 452) and the day of his final sentencing on May 21, 2019 (ECF No. 68 at PageID#: 462), but "the information provided was not *entirely truthful* to the satisfaction of the government to qualify for the fifth prong of the safety valve" (ECF No. 68 at PageID#: 463) (emphasis added). Ultimately, the Government recommended that Petitioner not receive the safety-valve reduction, and the Court found that Petitioner was not eligible for the safety-valve reduction.

Petitioner now falsely contends that the Court was under the mistaken impression that it was bound by the "Government's determination of whether a [d]efendant failed to provide

---

hearing from January 29, 2019 to March 28, 2019 to May 2, 2019, then reset the hearing for May 21, 2019, each time to ensure that Petitioner had an opportunity to attempt a proffer.

[7] The Government recounts these myriad discussions in its opposition. ECF No. 78.

6

(1:18CR51-3)
(1:21CV479)

truthful information." ECF No. 80 at PageID #: 970. Nothing could be further from the truth.[8] Without support, Petitioner urges that the Government's dissatisfaction with his proffers is "merely" speculative about the truthfulness of Petitioner's assertions during his proffers and insufficient grounds to deny the benefit of the safety-valve. ECF No. 80 at PageID #: 970. This argument fails. Tellingly and contrary to Petitioner's complaints about the Government's assessment of his proffers, the Government recommended safety-valve reductions for both of Petitioner's co-defendants. ECF No. 76-1 at PageID #: 851. This strongly suggests that the Government had *facts* rather than speculation, on which to assess the information given or not given by Petitioner during his proffers.[9] And, importantly, the Government's recommendation for Petitioner's co-defendants to receive safety valve benefits irrefutably shows that if the Government were inclined to believe Petitioner had earned safety valve relief, it would have made that recommendation for Petitioner as well.

In the alternative, the Government argues that Petitioner's claim regarding the safety-valve reduction should be denied because Petitioner waived his right to make this claim when he

---

[8] During Petitioner's final sentencing hearing, once it was clear the Government's position would not change, the Court engaged in a discussion with Government's Counsel to determine the basis for Government's position on the safety-valve exception before determining that Petitioner was not entitled to safety valve relief. ECF No. 68 at PageID#: 464–65.

[9] It appears that Petitioner may be confusing 18 U.S.C § 3553(f)(5) with acceptance of responsibility, pursuant to § 3E1.1. These are not the same. Factor 5 requires more than just an admission of guilt. *See* United States v. Barron, 940 F.3d 903, 917 (6th Cir. 2019) (discussing the fifth factor, "[t]his includes information about 'the offense of conviction and all relevant conduct . . . making the safety valve's requirement 'greater than the requirement for an acceptance of responsibility under U.S.S.G. § 3E1.1.'") (citations omitted)

(1:18CR51-3)
(1:21CV479)

entered his plea agreement. This response is well taken. The Sixth Circuit has maintained that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Petitioner's plea agreement provides that Petitioner "understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the advisory guideline range under the Sentencing Guidelines . . ." ECF No. 31 at PageID#: 157. Petitioner's crimes require a statutory minimum of ten years. The Court's imposition of a sentence of ten years comports with the relevant sentencing guideline range and the law. Additionally, as indicated above, Petitioner's plea agreement included a waiver of Petitioner's right to collaterally attack his sentence, except in the limited circumstances mentioned in paragraph 21, claims of ineffective assistance of counsel or prosecutorial misconduct. ECF No. 31 at PageID#: 159. Petitioner did not preserve the right to challenge the failure of safety valve benefit. Therefore, by his own plea agreement, Petitioner waived his right to bring this post-conviction claim.

Nevertheless, even if the Court had found that Petitioner did not waive his right to bring this claim in his plea agreement, he does not satisfy the standard to succeed on a § 2255 claim. The Sixth Circuit has found that a petitioner bringing a § 2255 claim may allege a constitutional error or non-constitutional error. *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Constitutional error is "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Id.* (citation omitted). When a petitioner alleges a non-constitutional error, petitioner must establish "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

8

(1:18CR51-3)
(1:21CV479)

process" to prevail on a § 2255 motion. *Id.* (citations omitted). Petitioner has not made such a claim or showing.

### B. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel did not provide mitigating factors that contradicted the Government's case and did not adequately investigate plausible defenses for sentencing. ECF No. 76-1 at PageID #: 854, 858. Petitioner is incorrect on both points. As the Government rebuts, Petitioner's counsel provided effective assistance of counsel because she "performed exactly as one would reasonably expect" and Petitioner has not met his burden of showing that his counsel's representation fell below the objective standard of reasonableness. ECF No. 78 at PageID #: 953.

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided Petitioner can establish that counsel's performance was constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). This is a two-part test that requires a demonstration of error and prejudice. The error prong requires a showing, based on an "objective standard of reasonableness," that counsel made errors so serious that she was not functioning as the 'counsel' that the Sixth Amendment guarantees to Petitioner. *Strickland*, 466 U.S. at 687–88. To satisfy the error prong, Petitioner must overcome the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.'" *Id*. at 689. The judicial scrutiny of a possible error is highly deferential to counsel. *Id*. The prejudice prong requires showing that counsel's deficient performance prejudiced the defense. *Id*. at 687. To satisfy the prejudice

9

(1:18CR51-3)
(1:21CV479)

requirement of *Strickland*, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* at 694.

Failure to satisfy either requirement is fatal to an ineffective assistance claim. *Id*. at 697. Although Petitioner must prove each element of the two-part *Strickland* test to establish an ineffective assistance of counsel claim, courts are not required to conduct an analysis under both *Strickland* prongs. *Id*. at 697. If the Court finds that Petitioner cannot meet one of the two *Strickland* prongs, it need not address the other. *Id*. Furthermore, the Court is not required to hold an evidentiary hearing when "the record conclusively shows that the petitioner is entitled to no relief." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Petitioner claims that counsel did not "provide mitigating factors that contradicted the prosecutions [sic] case." ECF No. 76-1 at PageID#: 854. The record belies this claim. Petitioner's counsel made arguments addressing the Government's claims that Petitioner did not qualify for the safety-valve reduction throughout proceedings:

> MS. JOHNSON: Yes, Your Honor. And we'd like to highlight for the court that this court is not precluded from making its own determination that, in fact, Mr. Ramirez has complied with this requirement. My client believes that he was truthful and provided the evidence of his involvement with the charges set forth to which he entered a plea of guilty. He is not required to provide information about the conduct of others.
> And I think it may depend upon how broadly or narrowly this court considers the phrase "the same course of conduct or of a common scheme or plan."
> I have to say that from the beginning, that Mr. Ramirez has always presented himself to me as someone who wants to cooperate and as

10

(1:18CR51-3)
(1:21CV479)

> someone who wants to tell the truth. He values the truth. He comes from a very deeply religious family.
> And I know that we will have an opportunity to make mitigating arguments.

ECF No. 67 at Page ID#: 453–454. Following this statement, Petitioner's counsel made a motion to continue the sentencing hearing, providing Petitioner with another opportunity to talk to the Government and qualify for the safety-valve reduction. *See* ECF No. 67 at PageID#: 455. The Court granted the unopposed motion. At the continued sentencing hearing, counsel once again argued that Petitioner should receive the safety-valve reduction by stating:

> MS. JOHNSON: I'm put in the awkward position because it is the government that has to make the determination as to whether the information that is provided by the individual satisfies them.
> We would submit to the court that my client says that he has been truthful, that he did answer more of their questions and admitted to his involvement in this conspiracy.
> I do know that the codefendants provided information and apparently the information they provided satisfied the government and they recommended the safety valve. It may be that my client is at a disadvantage because he's the last one in the pipeline to come forward and to provide this information.
> But we would just ask the government if they would not reconsider their recommendation or their lack of a recommendation for that reduction.

ECF No. 67-2 at PageID#: 585.

Dubiously, Petitioner also claims that counsel's allocution "did not adequately prepare or investigate plausible lines of defense for sentencing." ECF No. 76-1 at PageID#: 858. This too is belied by the record. In advance of sentencing, Defense counsel filed a Sentencing Memorandum, with letters in support of Petitioner attached, in an effort to exhibit Petitioner in the best possible light—as a well-rounded family man with legitimate business ventures, among other positive attributes. *See* ECF No. 46. Additionally, the below excerpt of Defense counsel's

11

(1:18CR51-3)
(1:21CV479)

allocution shows that Petitioner's counsel appropriately focused on the § 3553(a) factors that the Court is required to consider at sentencing.

> MS. JOHNSON: Well, Your Honor, of course we have the challenge of the mandatory minimum sentence of 120 months, but in looking at the 3553(a) factors, the government has already talked about the nature and the circumstances of the offense, so I won't add to that.
> I'd like to focus on my client's history and characteristics, which I think are important. My client is 39 years old. In fact, he's on the eve of his 40th birthday. As the court noted, he has no criminal history. And while he is a citizen of the United States, he came into the United States legally on visas.
> And he had a full life in Mexico. He has three children. He had a wife, and unfortunately that marriage did not work. That distressed him very much. He's extremely close to his children and was very active in his community.
> The court will notice that we submitted 11 letters to the court. They were all written in Spanish. We had them translated into English. Rarely do I represent an individual who is not an American citizen, who is a Mexican citizen, who can encourage so many people to write on his behalf.
>
> When the court looks at the court looks at the need for the sentence, 120 months, the mandatory minimum, is certainly more than sufficient for my client's conduct. I understand the government saying that in their mind this was a large seizure, but apparently there were a lot of codefendants involved in this particular case. My client was not the only individual involved in this case.

ECF No. 68 at PageID#: 469–470.  What more could defense counsel have done, especially when faced with her client's certain guilt?[10]  Accordingly, Petitioner is not entitled to relief under 28 U.S.C. § 2255.

---

[10] Petitioner had pleaded guilty and proffered, so there was no reasonable question of guilt, or application of the ten-year mandatory minimum (absent permission given by a cooperation adjustment or safety valve). Counsel, after all, are bound by professional and ethical standards that cannot be subjugated to the whims of a particular client.

(1:18CR51-3)
(1:21CV479)

### C. Evidentiary Hearing

Petitioner requests another evidentiary hearing.  He has had several.  Each time Petitioner was in Court and confronted by the Government with his insufficient proffers, he was heard by the Court and represented by counsel.  At the ultimate sentencing hearing, Petitioner was heard by the Court and represented by counsel.  An additional hearing will not yield a different result.

"Whe[n] a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, . . . no hearing of any kind is required[,]" including an evidentiary hearing.  *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (citing *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984)).  The Court finds that the instant motion may be resolved without an evidentiary hearing because the contested record conclusively show that Petitioner is not entitled to relief under § 2255.  *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 76) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| October 31, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

13